891 F.2d 291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joshua LARRY, David Larry and Linda Larry, Plaintiffs-Appellants,
v.
BOARD OF EDUCATION OF the HICKSVILLE EXEMPTED VILLAGE SCHOOL
DISTRICT, Defendant-Appellee.
 No. 89-3262.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's grant of defendant's motion for summary judgment. We affirm.
 
 
 2
 David and Linda Larry are the parents of Joshua Larry who, when he was a fourth grade student at the Hicksville Elementary School in Hicksville, Ohio, was injured when he put his arm through a glass door panel at the school. Plaintiffs sued the Hicksville school board in federal court on the theory that the glass used in the door did not comply with standards promulgated pursuant to the Consumer Product Safety Act, 15 U.S.C. §§ 2051-2083. Federal subject matter jurisdiction depended upon proof, under 15 U.S.C. § 2072(a), that the school board was a "fabricator" of the door, and thus subject to the Act. Plaintiffs' theory is that the school board is a "fabricator" under § 2072(a) because it allegedly authorized relocating the door from one part of the building to another.
 
 
 3
 For the reasons well stated in the district court's opinion, we hold that on the facts of this case, the school board is not a "fabricator" under the regulations promulgated pursuant to the Consumer Product Safety Act and, therefore, is not a person who knowingly violated the Act or "any ... rule or order issued by the Commission" as required by 15 U.S.C. § 2072(a).
 
 
 4
 The district court's dismissal of this case for lack of subject matter jurisdiction is AFFIRMED.